FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 2 6 2020

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KEITH THOMAS,

     Petitioner,

v.

                                 Civil Action File No.

                                 **1:20-CV-4370**

BANK OF AMERICA, NA a/k/a
BAC Home Loans Servicing, LLP
a/k/a COUNTRYWIDE Home Loans
Servicing, LLP, a/k/a BANK OF AMERICA CORP.

     Respondents,

McGuire Woods LLP,

     Respondents,

NORTHSTAR MORTGAGE GROUP, LLC

     Respondents,

MORTGAGE ELECTRONICS REGISTRATION
SYSTEMS, INC., a/k/a MERSCORP Holdings, Inc.,
collectively known as "MERS",

     Respondents,

## COMPLAINT AND REQUEST FOR PRELIMINARY,
## TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

     Now Comes Keith Thomas, petitioner, do now petition the Honorable Court for

preliminary, temporary and permanent injunctive relief pursuant to F.R.C.P. 65(a) thru

(e) against the named respondents.

**I.**      **The Parties To This Complaint;**

      **A. The Plaintiff / Petitioner;**  The Plaintiff / Petitioner is Keith Thomas, whose

physical address is; 2655 West Road, Riverdale, GA 30296 and whose mailing address is P.O. Box 960242, Riverdale, GA 30296 and whose telephone number is 404-838-0394.

### B. The Defendants / Respondents;

Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP, formerly a/k/a Countrywide Home Loans Servicing, LP whose physical mailing address is; 100 N. Tryon Street, Charlotte, NC 28255 and whose phone number is 1 (800) 432-1000.

McGuire Woods, LLP, whose physical address is; 1230 Peachtree Street, N.E., Promenade II, Suite 2100, Atlanta, GA 30309 and whose phone number is 404-443-5713.

Northstar Mortgage Group, LLC, whose is officially administratively dissolved within the State of Georgia but for the purposes of litigation are represented by The Slepian, Schwartz and Landgaard, whose physical address is 42 Eastbrook Bend, Peachtree City, Georgia 30269 and who claims to represent a [ Mr. J. Brian Messer] a person claiming to have the authority to act on the behalf of Northstar Mortgage Group, LLC according to court filings in both State and federal courts.

Mortgage Electronics Registration Systems, Inc., a/k/ Merscorp Holdings, Inc., and collectively known as MERS whose physical address is 1818 Library Street, Suite 300, Reston, VA 20190 and is not known to have a physical address in Georgia.

**II.** **Basis for Jurisdiction;** Jurisdiction for this complaint is pursuant to 28 U.S.C. § 1331 federal question given that the defendants are relying on wording that was issued within an Order that was issued within this court under the federal rules and 28 U.S.C. §

1332 diversity of citizenship given that Bank of America, N.A. is the primary defendant

to this action and the amount in controversy exceeds $75,000.00 moreover and

specifically, the amount exceeds $150,000.00. According to Fulton County Tax

Commissioner's Office, the value of this petitioner's residential property is more than

$75,000.00. Federal Rule of Civil Procedure 65 (b)(1)(A)&(B) authorizes the United

States district court to issue the relief sought by this petitioner within this petition given

that the relief sought is the subject matter of an earlier Order that was already issued by

this same court and is being relied upon and outcome and effects are at issue and now

disputed by the same parties identified within this petition.

**III.** **Statement of Claim;** In or around December 2009 the State of Georgia issued a

cease and desist order to Northstar Mortgage Group, LLC, revoked their Georgia

residential mortgage licenses, order Northstar Mortgage Group, LLC to not engage in any

residential or commercial mortgage transactions of any type whatsoever within the State

of Georgia after they failed to comply with the terms of the cease and desist order issued

against them in or around December 2009. The petitioner had previously contracted with

Northstar Mortgage Group, LLC in June of 2007 for the purchase of his residence located

within Fulton County, Georgia and described within this complaint. According to the

information within the contract, Countrywide Home Loans Servicing, LP was to have

serviced the loan but did not own, nor had any additional authority written into the terms

of the contract that would have permitted them [Countrywide] to act on the behalf of

Northstar Mortgage Group, LLC at any point in time in the event that Northstar no longer

were permitted to do business in Georgia for any stated reason.

In or around May of 2010, the petitioner received a series of certified letters from Bank of America, NA claiming to be owed money in excess of $150,000.00 for the property described within this complaint as the plaintiff's residence and threatening to foreclose upon the property. During the points in time that they [Bank of America] claimed to be owed that amount of money, they were unable to produce any paperwork that could be identified as a signed contract between this petitioner and Bank of America, N.A., nor were there any documents that could identify Bank of America as the legal and owners of the Promisory Note attached to plaintiff's loan with Northstar, nor was there any documents that could identify Bank of America the Assignee to either a Note or to the Security Deed issued by Northstar Mortgage Group, LLC to this petitioner in 2007. As a result of this set of events, the petitioner filed bankruptcy and also filed an adversary proceeding against Bank of America in June of 2010. The initial adversary hearing was held before the Honorable Judge Saca, U.S. Bankruptcy Judge, Ndga. At the June 2010 hearing, Judge Saca questioned the bank's attorneys as to the where abouts of Northstar Mortgage Group given that no attorney(s) were present for Northstar at the June 2010 hearing. Bank of America agreed to cease their efforts at attempting to foreclose upon the plaintiff's residence, but within 60 days after this hearing, Bank of America, NA, MERS, and attorneys employed at their firm and with MERS got together and created a fraudulent Assignment of Security Deed document purporting to assign Northstar's interest within a Security Deed attached to plaintiff's loan documents, over to Bank of America, NA by and through MERS. This event took place 8 months after Northstar Mortgage Group, LLC had been forced out of business in Georgia by the State of

**Page 4**

Georgia.

Since that period of time, this petitioner have sought to have the validity of this particular document challenged in an open court in both the U.S. district court and within the Superior Court of Fulton County, Georgia. In federal court, the case was assigned to The Honorable Alan J. Baverman, U.S. Magistrate Judge who wrote an extensive recommendation and opinion that clearly stated that he could find no financial or contractual ties between this plaintiff and Bank of America, N.A. that would obligate this plaintiff to have been under any obligations to have to pay any money to Bank of America, N.A. under the terms of any existing contracts or the lack thereof. Additionally, Judge Baverman stated within his order that he could find no documented proof that Bank of America, NA had ever been assigned an ownership interest within this plaintiff's residential property from Northstar Mortgage Group, LLC and that the Assignment of Security Deed document could not be verified based upon any supporting evidence at the time. Judge Baverman also stated that he could find no servicing rights to have ever been assigned to Bank of America that could have authorized Bank of America to have initiated foreclosure proceedings at that point in time. Once the case was reviewed by the Honorable William Duffey, U.S. District Judge, he opined within his Final Order that he could not give any weight either way to the Assignment of Security Deed document on the basis that it [the Assignment document] had not been publicly debated.

Based on Judge Duffey's Order, the plaintiff sought to have the Assignment of Security deed document publicly disputed by and through several lawsuits in the state court but was met with a series of oppositions by the Judges assigned to overhear the

**Page 5**

state court cases filed by this petitioner. It was later discovered by this petitioner that each of the state court Judges had either mortgage contracts with Bank of America, N.A. or were financially obligated to Bank of America, N.A. Bank of America has been represented by the law firm of McGuire Woods, LLP throughout the course of the state court filings made by this petitioner. Attorneys for McGuire Woods have spearheaded the primary narrative that the fraudulent assignment documents are valid and have taken over the efforts to foreclose upon this petitioner's residence in support of the fraudulent documents.

On September 28, 2020, The Georgia Supreme Court issued a Final Order refusing to hear this plaintiff's petition for writ of certiorari and within 3 days of issuing that Final Order, The Georgia Supreme Court then immediately issued a remittitur remanding the case back to the lower courts in direct opposition of Georgia law that permits a 10 day time period prior to remittitur back to the lower courts. On October 5, 2020 this petitioner filed his Notice of Intent to petition The United States Supreme Court and within 2 days, all of his documents were mailed back to him refusing to accept the Notice which was timely filed and in compliance with Georgia law. This miscarriage of justice violated this petitioner's rights to the equal protection of laws and the due process of laws.

This entire scenario hinges upon the initial findings of the Order and Recommendations written by Honorable Judge Alan Baverman that did not clearly state or uphold Bank of America as having a financial interest within this petitioner's residential property nor did that Order validate the fraudulent assignment documents that initiated all of the litigation. Additionally, given that Honorable Judge William Duffey

did not weigh in on the validity of the fraudulent assignment documents, this entire matter can only be resolved within the United States district court where it was initially opined upon. Under the circumstances, this petitioner have no other avenue afforded to him by law other than to seek relief by and through the powers of this court within this petition for relief as the respondents have already made contact with this petitioner by and through a court process server indicating that they are now initiating official documents to foreclose upon this petitioner's residence. As it stands, all of their efforts are supported by and through their reliance upon the wording of an Order issued by this court and can only be resolved within this court.

**IV.**     **Irreparable Injury;**  This petitioner stands to lose his place of residence to the defendants within the next 30 days as the facts show that the defendants clearly have absolutely no financial interest or contractual interest within this petitioner's residential property and that all of their efforts are based upon a fraudulent document that they created and have been able to skate through by a series of state court Judges that were mostly financially and personally obligated to Bank of America, N.A. in more ways than can be described within this short statement. The facts and evidence of the state court filings indicate several motions to recuse filed by this petitioner after the conflicts of interest were identified, but were all denied.

     In the event that this set of defendants are permitted to pull of an illegal foreclosure against this petitioner's residence, no amount of money or financial compensation could measure up to the loss that will certainly be suffered by this petitioner as a result of the outcome. For that point alone, the petitioner seeks injunctive

relief from this Honorable Court that will prevent this irreparable harm that will certainly befall this petitioner if no relief is granted.

**V.** **Relief;**  The petitioner seeks preliminary injunctive relief, temporary injunctive relief and permanent injunctive relief from the named respondents to this complaint.  The petitioner seeks monetary damages from the defendants in the form of a punitive damage award from the Court and any other just and adequate relief that the Court deems appropriate for the matters brought within this complaint.

**Preliminary Injunctive Relief Sought;**  The petitioner seeks and order from the Court immediately ordering the respondents to Halt Any and All attempts to foreclose upon the petitioner's residential property described within this complaint as being located at 2655 West Road, Riverdale, Georgia also identified as being within the City Limits of The City of South Fulton, Georgia.  The petitioner request that this specific Order be unconditional and in total force upon each respondent individually or as a group or any other entity acting on their behalf not named or referenced within this present complaint.  The Court has the inherent powers to issue this preliminary injunctive order against the respondents immediately without all parties having been served.

**Temporary Injunctive Relief Sought;**  The Court has the inherent powers to issue a temporary injunction against any party to this action without notice to the adverse party or its attorney(s) only if;  (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be

**Page 8**

required…*See Federal Rule 65(b)(1)(A)&(B)*.  In this case, the petitioner has supplied an accompanying sworn affidavit attesting to the fact that immediate irreparable injury, loss, or damage will result to him before the opposing party can be heard in opposition.  *See Petitioner's Exhibit "1" attached sworn affidavit of petitioner*.

**Permanent Injunctive Relief Sought;**  The petitioner seeks an order from the Court in the form of a permanent injunction preventing the respondents from acting in any manner what so ever that could be considered to be an attempt by either one of them, their assigns or any other person(s) or entity(s) acting on their behalf to foreclose upon this petitioner's residential property identified within this complaint and petition before the court.  Given the set of fact that the petitioner have never signed any documents with Bank of America, N.A. or MERS that could be conceived to be a financial transaction contract that involved the sell or purchase of petitioner's residential property described within this complaint. Given that in order for the respondents to have suffered a loss, they will certainly have to present before the court a signed contract between themselves and this petitioner that could verify and account for their pending loss.  In this case, Northstar Mortgage Group, LLC filed Articles of Dissolution with The Office of The Secretary of State of Georgia that did not list this petitioner's residential property as one of the assets that needed to be disposed of at any point in time after they [Northstar] had dissolved their limited liability company.  Based on this set of facts and in all fairness, this petitioner should be exempt from having to put up any amount of collateral against any contractual claims that could be made by the respondents and cannot be substantiated in any form whatsoever by a written contract.  With that being said, the petitioner request that the Court to issue an

order granting him permanent injunctive relief against the respondents based on the facts,

evidence and supporting affidavit stating that "until such time that any of the named

respondents seek to proceed with a judicial or non-judicial foreclosure against the

petitioner named within this instant case, they must first come before this Court with

original documents supporting their ownership of the Note that attaches to the transaction

between the petitioner in this case and Northstar Mortgage Group, LLC and the sales and

purchase history of that same Note from inception to present in order to proceed."

Additionally, the petitioner request that the Court's Order include wording that would

require all person(s) and entity(s) signed onto the face of the Assignment of Security

Deed document referred to within this petition, to present physical evidence that

permitted them to purportedly assign a parcel of residential property on the behalf of

Northstar Mortgage Group, LLC at any point in time after Northstar had been both

ordered out of business by The State of Georgia and had filed Articles of Dissolution

some 8 months prior to the existence of the purported Assignment of Security Deed

document referred to by the petitioner within this complaint.

**Punitive Damages and Any Just and Adequate Relief;**  The petitioner seeks an Order

from the Court issuing a monetary damage award against each respondent named within

this complaint in any event that they cannot justify and satisfy the following issues; (1)

How any of the respondents were authorized by Georgia law or by any laws or statues of

any other State within the United States that permitted them to act on the behalf of a non-

existing company [Northstar Mortgage Group, LLC] in August 2010 and to perform an

act that would constitute a felony in Georgia if the events described within the wording of

The Assignment of Security Deed in fact took place as described.  Until such time that this specific issue can be satisfied before the court, the petitioner request that the Court impose both punitive damages and any other just remedy against the respondents as the court sees fit.

**VI.**    **Certification and Closing;**  Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint; (1) is not being presented for and improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation;  (2) is supported by nonfrivolous argument for each extending, modifying, or reversing existing law;  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Keith Thomas, petitioner
P.O. Box 960242
Riverdale, GA  30296
404-838-0394

10. 26 2020

Petitioner's Exhibit "1"

## SWORN AFFIDAVIT OF KEITH THOMAS

Now comes Keith Thomas, Affiant, do swear or affirm before a person duly authorized to administer oath in Georgia, the following;

**1.** I am over the age of 18 years of age, a citizen of these United States of America and capable of being administered oath upon.

**2.** I am the petitioner referred to within the petition for which this sworn affidavit is in support of.

**3.** I was contacted by a person on October 24, 2020 identifying themselves to be a court process server investigating the inhabitants and condition of the property described within the attached petition. That person stated that they were doing a pre-foreclosure investigation on the behalf of Bank of America, N.A. and that a foreclosure proceeding will be forthcoming within 30 days of her visit.

**4.** Based upon the visit by the court process server, I have all reason to believe that I will suffer irreparable harm, loss and peril if the court do not issue this petition for injunctive relief.

**5.** I also believe that if Bank of America initiates foreclosure proceedings, that I will suffer the stated losses for unjust reasons as stated within the wording of the petition for injunctive relief.

**6.** Each and every statement within the petition for injunctive relief are true and correct to the best of my personal knowledge and belief.

Further, this Affiant says not.

Sworn to and subscribed here before me on this 26th day of October, 2020.

_____
Notary

_____
Keith Thomas, Affiant