IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH THOMAS<br><br>  Plaintiff,<br><br>   v.<br><br><br>BANK OF AMERICA, NA, et al.<br><br><br>  Defendants. | CIVIL ACTION FILE<br>NO. 1:20-cv-04370-WMR |

# ORDER

This matter is before the Court on Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. and McGuireWoods, LLP's (collectively the "Defendants") Motion to Dismiss [Doc. 8], as well as on Plaintiff Keith Thomas' Motion to Strike [Doc. 9], Request for the Court to Take Judicial Notice [Doc. 10], and Motion for Default Judgment [Doc. 11]. After consideration of the pending motions, applicable law, and all appropriate matters of record, the Court GRANTS the Defendants' Motion to Dismiss and DENIES the Plaintiff's motions, based on the following findings.

**I.    Plaintiff's Motion to Strike and Motion for Default Judgment**

Plaintiff requests that this Court strike the Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(f) and enter a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), contending that defendant McGuire Woods, LLP was not

authorized to file the motion to dismiss on behalf of defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc. and that the motion to dismiss was filed after the time for filing a response to the complaint had expired. [*See* Doc. 9 at ¶¶ 2-3; Doc. 11 at ¶¶ 3-5].  His contentions are without merit.

As the record shows all three defendants are represented by the same counsel, the Court finds that counsel was authorized to file the motion to dismiss on behalf of all three defendants.  Furthermore, as the record shows that Defendants' motion to dismiss was filed on Nov. 17, 2020, the earliest deadline on which an answer or responsive pleading was due [*see* Doc. 5 and Doc.8], the Court finds that the motion to dismiss was timely filed.  The Defendants are not required to file an Answer until the motion to dismiss is decided.  Therefore, Plaintiff's Motion to Strike [Doc. 9] and Motion for Default Judgment [Doc. 11] are **DENIED**.

**II.     Defendants' Motion to Dismiss**

Defendant contends that the complaint should be dismissed because the court lacks jurisdiction to hear the case. [See Doc. 8].  The Court agrees.

Rule 12(b)(1) allows for dismissal of a case when the court "lack[s] subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2002).

### A. The Complaint does not raise a question of federal law

Under 28 U.S.C. § 1331, a federal court may exercise jurisdiction over a case if it presents a question of federal law. *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010). "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Id.* (citing *Jairath v. Dyer,* 154 F.3d 1280, 1282 (11th Cir.1998). The fact that Plaintiff references language from an order in a prior federal lawsuit to aid in the pursuit of his state common law claims does not present a question of federal law. *See Atlantic Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350, n.4 (2020) (Noting that "[t]here is a special and small category of cases that originate in state law yet still arise under federal law for purposes of federal question jurisdiction. To qualify for this narrow exception, a state law claim must necessarily raise a federal issue, among other requirements") (internal punctuation and citations omitted). In the instant case, Plaintiff has failed to raise a federal issue.

Plaintiff's allegations do not raise any cause of action under the U.S. Constitution or federal statute or regulation. Instead, Plaintiff asserts claims attacking his mortgage and secured creditor's authority to exercise rights he granted in exchange for a monetary loan existing solely under Georgia state common law. [*See generally*, Doc. 1]. The fact that he seeks to do so through the procedural rule governing

injunctions in federal court (Fed. R. Civ. P. 65) does not confer jurisdiction on a state law cause of action that the Court is otherwise without jurisdiction to hear.

### B. There is not complete diversity of citizenship

Diversity jurisdiction requires not only an amount in controversy that is in excess of $75,000 exclusive of interest and costs, but it also requires that the matter "is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

It is well established that "for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004)  Here, the record shows that McGuireWoods is a limited liability partnership existing under the laws of the State of Virginia with a principal place of business in Virginia and offices in multiple states, including Georgia. [*See* Doc. 8-1 (Declaration of Christopher K. Greene at ¶ 3)].  Furthermore, the record shows that Defendant McGuireWoods has partners, including Greene, who are citizens of the State of Georgia. [*Id.* ¶¶ 4-5)].  There is also no dispute that Plaintiff is a citizen of the State of Georgia. [*See* Doc. 1 at pp. 1-2].  Therefore, there is not and cannot be complete

diversity of citizenship between Plaintiff and all of the Defendants in this case and, thus, diversity of citizenship cannot be a valid basis for federal court subject matter jurisdiction. *See McDaniel-Ivey v. New Am. Funding*, No. 119CV00584TWTCMS, 2019 WL 5483789, at *2 (N.D. Ga. Aug. 22, 2019), *report and recommendation adopted sub nom. Ivey v. New Am. Funding*, No. 1:19-CV- 584-TWT, 2019 WL 5483751 (N.D. Ga. Oct. 9, 2019), *appeal dismissed,* No. 19- 14629-B, 2020 WL 2617128 (11th Cir. May 4, 2020) ("Because it is apparent that at least one Defendant is a citizen of the State of Georgia, there is not complete diversity in this case. Consequently, there is no basis for diversity jurisdiction over Plaintiffs' claims")

For the above reason, the Court finds that it lacks subject matter jurisdiction over the Plaintiff's claims, and Defendants' motion to dismiss is GRANTED on this basis.

### III.   Plaintiff's Motion for the Court to Take Judicial Notice

Based on the Court's holding in Section II above, the Court DENIES AS MOOT the Plaintiff's request to take judicial notice "of certain questions of subject matter and law raised by the defendant's out of time motion to dismiss." [Doc. 10].

### CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike the Motion to Dismiss [Doc 9] is **DENIED**, Plaintiff's Motion for Default Judgment [Doc 11] is **DENIED**, Plaintiff's Motion for Extension of Time [Doc 12] is **DENIED**, Defendants' Motion to Dismiss [Doc 8] is **GRANTED,** and

Plaintiff's Complaint and Request for Injunctive Relief is **DISMISSED**. It is further ORDERED that the Plaintiff's Motion for the Court to Take Judicial Notice [Doc. 10] is **DENIED as moot**. The Clerk is DIRECTED to close this file.

SO ORDERED, this 11th day of December, 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE